Following a jury-waived trial in the District Court, the defendant, Thomas L. Mayrand, was convicted of operating a motor vehicle on a public way with a blood alcohol content of 0.08 percent or greater.[2] On appeal he argues that the test results produced by a breath-testing instrument known as the Draeger Alcotest 7110 MK III-C breathalyzer (Draeger Alcotest) were inadmissible.
The defendant had filed a pretrial motion to suppress the results of a breathalyzer test he took using the Draeger Alcotest. As a result of proceedings before the Supreme Judicial Court, a number of cases, including the defendant's, were consolidated before a specially assigned District Court justice (assigned justice) for the purpose of hearing a collective motion to exclude the test results produced by the Draeger Alcotest. In February, 2011, the assigned justice, after reviewing the submissions of the parties, denied the motion without a hearing. The defendant's trial followed in August, 2012. The defendant's appeal from his conviction was entered in this court in August, 2014, but was stayed essentially from March, 2015, until December, 2017, pending the outcome of appeals in the Supreme Judicial Court regarding one of the other consolidated cases heard by the assigned justice.
On June 12, 2015, the Supreme Judicial Court released Commonwealth v. Camblin, 471 Mass. 639 (2015) (Camblin I ). Camblin I vacated the order of the assigned justice denying the motion to exclude test results and remanded the matter, requiring that a hearing be held on the scientific reliability of the Draeger Alcotest. After conducting a hearing upon remand, the assigned justice again denied the motion, finding that the source code for the Draeger Alcotest was reliable, that the Dreager Alcotest instrument is capable of testing exclusively for ethanol, and that any errors in the source code for the Draeger Alcotest did not affect the instrument's ability to calculate a subject's blood alcohol content. Later that same month, the defendant was given leave by this court to file in the District Court a motion for reconsideration of his motion to exclude the test results of the Draeger Alcotest; that motion was subsequently denied.
On December 8, 2017, the Supreme Judicial Court released Commonwealth v. Camblin, 478 Mass. 469 (2017) (Camblin II ). Camblin II affirmed the order, after remand, of the assigned justice denying the motion to exclude the test results of the Draeger Alcotest and upheld his rulings of law concerning the Draeger Alcotest's reliability and the admissibility of its test results.
As a result of Camblin I and Camblin II, the defendant in the present case filed an assented-to motion to waive oral argument. In that motion the defendant states that because "all the issues raised in his brief" have been addressed by the Supreme Judicial Court in Camblin I and Camblin II, he "feels it is in his best interest to waive oral argument ... and acknowledges that he received the full[ ] evidentiary hearing on his motion to exclude the [Draeger] Alcotest results to which he was entitled under Camblin I." Upon review, we agree. Accordingly, we affirm the judgment.
So ordered.

The defendant was also found responsible for a marked lanes violation.